**UNITED STATES of America**
v.
**BRANCH COAL CORPORATION,**
Appellant.
No. 17329.

United States Court of Appeals
Third Circuit.
Argued May 8, 1969.
Decided May 23, 1969.

Jacob J. Kilimnik, Philadelphia, Pa., for appellant.

Sullivan Cistone, Asst. U. S. Atty., Philadelphia, Pa., for appellee (Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa., on the brief).

Before McLAUGHLIN, KALODNER and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This is an appeal from the Order of the District Court fixing the fair market value of the land, structures and personal property comprising the coal breaker of the defendant Branch Coal Corporation, in Branch Township, Schuylkill County, Pennsylvania, in a proceeding pursuant to the Pennsylvania Deficiency Judgment Act, 12 P.S. § 2621.1 et seq.

The District Court determined that the fair market value of the coal breaker was $55,000, less the Marshal's costs of $538.45, or $54,461.55, and fixed the amount due the United States as judgment creditor at $41,324.24, being the difference between its judgment of $95,785.-79 and the stated fair market value. It also ordered payment of interest on the determined deficiency from November 17, 1965, together with costs.

On this appeal, the defendant coal company challenges the District Court's fact-findings on the ground that they are not supported by the evidence, and further asserts that the trial court erred (1) in not applying "the Assembled Industrial Plant doctrine or the cost reproduction depreciated approach" in arriving at the fair market value of the property; and (2) in evaluating the qualifications of expert real estate witnesses and their testimony.

On review of the record, we are of the opinion that it amply supports the District Court's fact-findings as to the fair market value of the coal breaker.

We are further of the opinion that the District Court correctly held that the "fair market value" standard was applicable in the instant case under the specific provisions of the Pennsylvania Deficiency Judgment Act, and that it did not err in its construction and application of the standard as established by Pennsylvania decisions exhaustively discussed in Judge Higginbotham's carefully considered opinion.

Finally, we deem without merit defendant's contention that the District Court erred in evaluating the qualifications of the expert witnesses and their testimony.

For the reasons stated, the Order of the District Court will be affirmed.